**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. ___________________

BEANSTALK CHALLENGE LLC,
a Florida limited liability company,

Plaintiff,

v.

VENKY VIJAY REDDI, an individual, and
ORANGEFUL PRIVATE LTD., a foreign corporation,

Defendants.
___________________________________________/

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Beanstalk Challenge LLC ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants Venky Vijay Reddi ("Reddi") and Orangeful Private Ltd. ("Orangeful") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement under Florida law; and cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

2. Plaintiff operates BEANSTALK CHALLENGE, a business incubation and development program connecting entrepreneurs, business developers, and business operators with premium internet domain names to establish and grow businesses. Plaintiff owns common law rights in the BEANSTALK CHALLENGE mark and the stylized BEANSTALKCHALLENGE mark and sprouting-plant design (collectively, the "BEANSTALK CHALLENGE Marks").

3. Defendants advertise, offer, and provide closely related services under the confusingly similar BEANSTALKX and BEANSTALK marks (the "Infringing Marks"), including through beanstalkx.com and beanstalk.si, the latter of which redirects to www.orangeful.com/beanstalkx (the "Infringing Domains"). Defendants solicit founders and domain owners for a competing program that contributes what they claim are premium domains and digital brand assets to startup ventures and provides business-launch support.

4. Plaintiff seeks injunctive relief, transfer of the Infringing Domains, damages, and other relief to stop Defendants' unauthorized use of a confusingly similar designation and resulting injury to Plaintiff's goodwill.

**PARTIES**

5. Plaintiff is a Florida limited liability company with an address at 600 SE 5th Ave., #508S, Boca Raton, Florida 33432, within this District.

6. Upon information and belief, Orangeful is a corporation organized under the laws of India with its principal place of business in Gurugram, India. Orangeful identifies itself publicly as Orangeful Private Ltd. and operates BeanStalkx as a division of its business.

7. Upon information and belief, Reddi is an individual residing in South Delhi, India. He is Orangeful's founder and personally participates in the management, promotion, and operation of its BeanStalkx program.

8. Reddi personally selected, approved, directed, and controlled the challenged use of BEANSTALKX and the Infringing Domains and was a moving, active, conscious force behind the infringing conduct alleged herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the common law claim pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy.

10. This Court has specific personal jurisdiction over each Defendant pursuant to Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(1) and (2), and Federal Rule of Civil Procedure 4(k)(1)(A), because each Defendant has purposefully directed the challenged commercial activities toward Florida, including this District, and Plaintiff's claims arise out of or relate to those activities.

11. Defendants promote their BeanStalkx business through websites that solicit applications from founders and prospective business partners, including persons in Florida. Defendants' solicitation is accompanied by specific public invitations to meet and conduct domain-related business in Miami, as described below.

12. NamesCon Global 2026 is scheduled for November 11–12, 2026, at Ice Palace Studios in Miami, Florida, within this District. It is a domain-industry event attended by domain investors, brokers, entrepreneurs, and service providers for business development and commercial networking.

13. Before the filing of this action, Reddi publicly announced on his LinkedIn profile that the Orangeful and Domainza teams would be in Miami for NamesCon on November 11–12, 2026. He identified strategic acquisitions, premium digital real estate, and portfolio partnerships as the focus of the visit and expressly invited prospective counterparties to contact him to book one-on-one meetings in Miami:


Venky Vijay R. • 3rd+
CEO@Virtuos.com Group | Welcome to the ⫷ FOX Economy ⫸ ...
Visit my website
2mo •
+ Follow

🌴 Headed to NamesCon 2026 in Miami? Let's connect!
The teams behind Orangeful and Domainza will be on the ground this November 11 & 12.

We are opening discussions around an exclusive portfolio of US$200M+ in premium Brand Assets—spanning high-value digital identities and category-defining domain names.
📍 Where: NamesCon 2026, Miami
📅 When: November 11–12, 2026
💼 Focus: Strategic acquisitions, premium digital real estate, and portfolio partnerships
If you'll be in Miami and want to explore synergies, drop a comment or send a DM to book a 1-on-1 meeting.
See you in Miami! 🚀
#NamesCon #NamesCon2026 #Orangeful #Domainza #BrandAssets #Domains #DigitalRealEstate #Miami


Venky Vijay R., *Headed to NamesCon 2026 in Miami? Let's connect!*, LinkedIn, available at https://www.linkedin.com/posts/venkyvijay_namescon-namescon2026-orangeful-activity-7496612685372088320-BGdP (last visited Nov. 5, 2026). This announcement promoted specific commercial discussions and business relationships in this District.

14. In a separate public announcement promoting its BeanStalkx program, Orangeful announced that beanstalk.si was the program's new web address and would forward visitors to its home page. In that same announcement, Orangeful described the program's investment and business-building support for founders, branders, and builders, then invited readers to "Meet us at NamesCon 2026 — Miami." It specifically invited prospective participants to meet Reddi and members of the Orangeful team in Miami.

**Orangeful**
3w •

\+ Follow

Beanstalkx gets a smart new address: Beanstalk.si 🌱

Our Beanstalkx Program has a new URL—Beanstalk.si, now forwarding to its home.

As we look beyond the traditional Dotcom era, we believe the next wave will be about far more than simply owning domains. It will be about building brands, creating Brand Capital, and connecting the right Dot Headquarters with the right business idea.

That thinking is also behind GoDotly, an Orangeful venture launching shortly to serve #Branders, #Businesses, #Domainers and #Founders with naming, domain curation and Dot Headquarters solutions.

Beanstalkx — More Than a Brand. A Building Model.
Through Beanstalkx, we want to work alongside founders, branders and builders—investing and participating in multiple ways.

Not simply by providing a great name or domain.
We envision a complete brand-building package—bringing together Brand Capital, Digital Capital, creative capabilities, technology, expertise and an ecosystem that can help promising ideas become formidable businesses.

A different model is taking shape. Come witness it. 🌱

Meet us at NamesCon 2026 — Miami

Meet Venky Vijay R. Vijay Reddi, Founder & CEO, and members of the Orangeful team at NamesCon 2026 in Miami this November.

Over the years, Venky has assembled a domain and digital-brand portfolio that we estimate represents up to US$200 million in potential brand/inventory value, while building businesses and working across thousands of companies and multiple industry verticals.

Now, we are bringing those worlds together:
Domains → Names → Brands → Ventures → Businesses.
Welcome to the next chapter.

Beanstalk.si 🌱 | GoDotly.com | Orangeful.com

#Beanstalkx #GoDotly #Orangeful #BrandCapital #Domains #DomainNames #Branding #Startups #Founders #NamesCon2026




Orangeful, *Beanstalkx gets a smart new address: Beanstalk.si*, LinkedIn, available at https://www.linkedin.com/feed/update/urn:li:activity:7513567660614348800/ (last visited Nov.

5, 2026). The announcement thus expressly connected the BeanStalkx services and domain name with the solicitation of commercial contacts in this District.

15. Orangeful also published an announcement promoting its domain and digital intellectual property offerings, including the "BeanstalkX Brand Capital Programs," and inviting readers to connect at NamesCon in Miami on November 11–12, 2026.

Orangeful
1mo •

+ Follow

Branders. Builders. Founders. Domainers.

Something Orangeful is coming.
At Orangeful, we are building an ecosystem that will represent US$200M+ worth of Digital IP and Brand Assets—bringing domains, brands, intelligence and venture-building under one roof.

Coming soon: Domainza • DN.chat • DroppedNow • PrismIndex • Domaincook 2.0, alongside our Nexorama Founders' Circle and BeanstalkX Brand Capital Programs.

Digital IP → Brand Capital → Business Value.
Stay tuned. We're just getting started.
And let's catch up at NamesCon 2026 in Miami — November 11–12, 2026.

#Orangeful #DomainNames #DigitalIP #BrandCapital #DomainInvesting #Founders #Branders #NamesCon2026



Orangeful, *Branders. Builders. Founders. Domainers. Something Orangeful is coming.*, LinkedIn, available at https://www.linkedin.com/posts/orangeful-domainnames-digitalip-share-7504611092422344705-p7wO/ (last visited Nov. 5, 2026). These public promotions solicited the same founders, builders, branders, and domain owners whom Defendants seek to enroll in or recruit for their competing program.

16. Upon information and belief, Defendants have directed solicitations for their BeanStalkx services to prospective customers and business partners in Florida, including within this District, and have solicited applications, business engagements, and contractual relationships with those persons.

17. Reddi's conduct directed to this District includes his personal promotion of the competing program, referral of applicants to beanstalkx.com, and express invitation to arrange business meetings in Miami. Orangeful's conduct directed to this District includes its own BeanStalkx-branded Miami solicitations and its public invitation to meet Reddi and the Orangeful team there. Reddi acts on Orangeful's behalf in soliciting and developing these commercial relationships.

18. Plaintiff's claims arise out of or relate to these forum-directed activities because Defendants use the BEANSTALK and BEANSTALKX marks and Infringing Domains to solicit participation in the competing services, including through the Miami-directed promotions described above. The Infringing Marks and Infringing Domains appear in Orangeful's invitations promoting the program to prospective commercial participants in this District.

19. By purposefully soliciting commercial relationships in Miami in connection with the challenged business, each Defendant has deliberately directed activity toward this forum. The

exercise of jurisdiction is consistent with due process and traditional notions of fair play and substantial justice. Plaintiff also suffers injury to its business and goodwill within this District.

20. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, including the challenged solicitations directed to this District, occurred here. Upon information and belief, neither Defendant resides in the United States, and venue is independently proper under 28 U.S.C. § 1391(c)(3).

## GENERAL FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

21. Plaintiff has used the BEANSTALK CHALLENGE Marks in interstate commerce in connection with its business incubation and development services since at least June 14, 2026, before Defendants' use of the Infringing Marks.

22. Through www.beanstalkchallenge.com, Plaintiff promotes its program to entrepreneurs, developers, and operators interested in building businesses using premium, category-defining domain names. Plaintiff provides access to domain assets without an upfront domain acquisition cost and offers revenue-sharing and flexible ownership arrangements.

23. Plaintiff's services include business development and management assistance, startup consulting, matching domain owners and domain assets with entrepreneurs and operators, and incentive award programs recognizing successful business development.

24. Plaintiff's website identifies numerous live businesses and projects in development under the program and describes a five-year building challenge with performance-related rewards. The program was founded and created by Rick Schwartz, who is known in the domain industry as The Domain King.

25. The BEANSTALK CHALLENGE Marks are distinctive source identifiers for Plaintiff's services. The wording is suggestive of entrepreneurial growth and does not directly describe the domain-based business incubation and development services identified by the Marks.

26. Through its use and promotion of the BEANSTALK CHALLENGE Marks, Plaintiff has developed goodwill among domain owners, founders, entrepreneurs, and business operators. The BEANSTALK CHALLENGE Marks identify Plaintiff as the source of its services, and Plaintiff owns the associated common law trademark rights.

27. On August 12, 2026, Plaintiff filed U.S. Trademark Application Serial No. 50047376 for BEANSTALK CHALLENGE in standard characters and U.S. Trademark Application Serial No. 50047407 for the stylized BEANSTALKCHALLENGE wording and sprouting-plant design, both in International Class 35. The applications claim first use and first use in commerce on March 5, 2026, and June 14, 2026, respectively, and identify business incubation, business development and consulting, business matchmaking, and incentive award program services. Both applications are pending. Plaintiff asserts common law rights in the Marks arising from their use in commerce.

**Defendants' Competing Program and Use of BEANSTALKX and BEANSTALK**

28. Orangeful's website expressly identifies BeanStalkx as an operating division of Orangeful. It advertises a program that contributes domains, trademarks, brand identities, and related digital assets to startup ventures in exchange for equity, together with business-building support and investor introductions.

29. At beanstalkx.com, Defendants advertise a brand venture studio offering founders premium domains and brand identities, together with website, branding, and go-to-market

guidance. The site solicits applications and advertises arrangements tied to revenue milestones, royalties, or equity participation.

30. The same site promotes business-growth assistance, introductions to investors and strategic partners, trademark guidance, and a founder community. Its footer identifies BeanstalkX as a Virtuos Brand Capital studio and lists info@vbrand.com as a contact address.

31. At www.orangeful.com/beanstalkx, Defendants promote the program as "Shark Tank for domains and Digital IP." They solicit founders to pitch for domain and brand-asset packages, participate in a selection panel and build sprint, and present their businesses to investors. Upon information and belief, beanstalk.si redirects visitors to that page.

32. Orangeful describes its contribution as including premium domains, brand identity, product concepts, and startup support. Its website invites both founders and domain-portfolio owners to participate and identifies BeanStalkx as its program for using digital intellectual property as startup capital.

33. Defendants' services compete directly with, and are closely related to, Plaintiff's services. Both programs solicit founders and domain owners, provide access to premium domains for business development, offer startup support, and align compensation or ownership with the resulting businesses' performance.

34. The parties promote their programs through online channels to overlapping audiences of entrepreneurs, startup founders, domain investors, and business developers. Their offerings involve the same types of domain assets and business-building relationships.

35. BEANSTALKX incorporates the entire BEANSTALK portion of Plaintiff's BEANSTALK CHALLENGE Marks. The addition of the letter X does not sufficiently distinguish Defendants' designation in the context of the parties' closely related services and overlapping

customers. Defendants also use BEANSTALK alone, which is identical to the term BEANSTALK in Plaintiff's BEANSTALK CHALLENGE Marks. The designations convey a similar commercial impression of a Beanstalk-branded business-building program.

36. Plaintiff has not authorized, sponsored, endorsed, or licensed Defendants' use of the Infringing Marks or the Infringing Domains. Defendants are not affiliated with Plaintiff.

37. Upon information and belief, Defendants adopted and use the Infringing Marks with knowledge of Plaintiff's earlier use and BEANSTALK CHALLENGE Marks and with the intent to trade on the goodwill associated with them and divert prospective participants to Defendants' competing program.

38. Defendants' use is likely to cause consumers to believe that BeanStalkx is affiliated with, sponsored by, approved by, or an extension of Plaintiff's BEANSTALK CHALLENGE program.

**The Infringing Domains**

39. Upon information and belief, Defendants registered, acquired, control, or are authorized licensees of the Infringing Domains and use them to promote the competing services. Reddi personally directs prospective applicants to beanstalkx.com, while beanstalk.si directs visitors to Orangeful's BeanStalkx page.

40. The public WHOIS record for beanstalkx.com identifies July 28, 2026, as its registration date, Spaceship, Inc. (IANA ID 3862) as its registrar, and August 2, 2026, as its update date. The public record identifies a privacy service rather than the underlying registrant.

41. The public WHOIS record for beanstalk.si identifies September 23, 2026, as its creation date, Dynadot Inc. as registrar, and registrant identifier O1387465; the holder's legal name is not disclosed. The .si Registry's domain lookup additionally lists vir@virtuos.com as both the

domain holder's email and the technical contact email, and identifies the holder's country as India. The Virtuos email address is consistent with the Virtuos connections advertised for the competing BeanStalkx program.

42. The registration dates for both domains postdate Plaintiff's first-use date of March 5, 2026, for the BEANSTALK CHALLENGE.

43. Upon information and belief, both domains are owned or controlled by one or both Defendants, directly or through an authorized affiliate. The registry email listing does not disclose which person or entity holds legal title. Both listed registration dates follow Plaintiff's claimed first use.

44. The Infringing Domains are confusingly similar to BEANSTALK CHALLENGE Marks because they reproduce the BEANSTALK wording that is the dominant source-identifying component of the Marks. The added X in beanstalkx.com and the domain suffixes do not dispel the similarity in the context of the parties' related services.

45. Upon information and belief, Defendants use the Infringing Domains with a bad-faith intent to profit from Plaintiff's BEANSTALK CHALLENGE Marks by drawing prospective participants to a competing commercial program through confusion as to source, sponsorship, or affiliation. Their intended commercial benefit includes business relationships, equity participation, royalties, and revenue derived from participants attracted to the competing program.

46. The Infringing Domains do not consist of either Defendant's legal name. Defendants' use is commercial and is not commentary, criticism, parody, or another noncommercial use. Upon information and belief, the challenged use is intended to divert prospective participants from Plaintiff's program through the confusingly similar designation.

47. Defendants' continuing conduct threatens diversion of prospective participants and business opportunities, loss of control over the reputation of Plaintiff's program, and erosion of goodwill associated with the BEANSTALK CHALLENGE Marks. Plaintiff has been injured and faces continuing injury as a result.

48. Plaintiff has no adequate remedy at law for the ongoing loss of control over its reputation and goodwill. Unless enjoined, Defendants will continue their challenged promotion and use of the designation and Infringing Domains, causing irreparable injury to Plaintiff.

**COUNT I – FALSE DESIGNATION OF ORIGIN**
(15 U.S.C. § 1125(a))

49. Plaintiff incorporates paragraphs 1–48 as though fully set forth herein.

50. Plaintiff owns valid and enforceable common law rights in the BEANSTALK CHALLENGE Marks arising from its prior use in interstate commerce in connection with the services described above.

51. Without Plaintiff's authorization, Defendants use BEANSTALKX and the Infringing Domains in United States commerce in connection with advertising, promoting, offering, and providing competing business incubation, domain-based business development, and startup support services.

52. Defendants' use is likely to cause confusion, mistake, or deception concerning the affiliation, connection, or association of Defendants with Plaintiff and the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

53. Reddi personally participates in and directs the challenged use, including through his launch announcement, solicitation of applicants, and promotion of the competing business. Orangeful operates and promotes the program through its websites and its authorized representatives.

54. Defendants' acts constitute false designation of origin and false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). As a direct and proximate result, Plaintiff has suffered damage and faces continuing irreparable harm.

55. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, and to Defendants' profits, Plaintiff's damages, costs, and such other relief as is available under 15 U.S.C. § 1117(a), subject to the principles of equity. Upon information and belief, Defendants' conduct is knowing and deliberate.

**COUNT II – COMMON LAW TRADEMARK INFRINGEMENT**

56. Plaintiff incorporates paragraphs 1–48 as though fully set forth herein.

57. Plaintiff owns prior common law trademark rights in the BEANSTALK CHALLENGE Marks in Florida and throughout the U.S. through its use of the Marks in connection with the business incubation and development services described above.

58. Defendants, without authorization, use the confusingly similar BEANSTALKX and BEANSTALK marks to advertise, promote, offer, and provide competing services directed to Florida, including this District.

59. Defendants' use is likely to confuse consumers concerning the source, sponsorship, affiliation, or approval of their services. Reddi personally directs and participates in that use, and Orangeful operates and promotes the competing program.

60. Defendants' acts constitute common law trademark infringement. As a direct and proximate result, Plaintiff has suffered damage and faces continuing irreparable injury to its goodwill and business reputation, entitling it to injunctive relief and damages.

**COUNT III – CYBERSQUATTING**
(15 U.S.C. § 1125(d))

61. Plaintiff incorporates paragraphs 1–48 as though fully set forth herein.

62. Plaintiff's BEANSTALK CHALLENGE Marks were distinctive when beanstalkx.com was registered on July 28, 2026, and when beanstalk.si was registered on September 23, 2026.

63. Upon information and belief, each Defendant registered, trafficked in, or used one or both Infringing Domains as their registrant or the registrant's authorized licensee. The Infringing Domains are confusingly similar to Plaintiff's distinctive Marks.

64. Upon information and belief, Defendants engaged in that conduct with a bad-faith intent to profit from Plaintiff's BEANSTALK CHALLENGE Marks, including by diverting prospective participants to their competing commercial program through confusion regarding affiliation, sponsorship, and source, as described above.

65. Defendants' conduct violates 15 U.S.C. § 1125(d)(1). Plaintiff is entitled to injunctive relief and transfer of the Infringing Domains under 15 U.S.C. § 1125(d)(1)(C), together with the monetary remedies available under 15 U.S.C. § 1117, including statutory damages under § 1117(d) if elected in lieu of actual damages and profits for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Entry of a permanent injunction, pursuant to 15 U.S.C. § 1116 and applicable law, enjoining Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice, from using BEANSTALKX, BEANSTALK, or any other designation confusingly similar to Plaintiff's BEANSTALK CHALLENGE Marks in connection with business incubation, domain-based business development, startup support, or related services; falsely representing any affiliation with Plaintiff; and otherwise infringing Plaintiff's BEANSTALK CHALLENGE Marks.

B. An order under 15 U.S.C. § 1125(d)(1)(C) transferring beanstalkx.com and beanstalk.si to Plaintiff, directing Defendants to execute all documents, furnish all authorization codes, unlock the registrations, and take all steps necessary to complete transfer within a time fixed by the Court; and directing the relevant registrars and registries, upon service of the order and to the extent within the Court's lawful authority, to implement the transfers, including Spaceship, Inc. as registrar of beanstalkx.com and Dynadot Inc. as registrar of beanstalk.si. Plaintiff alternatively requests transfer as equitable relief under 15 U.S.C. § 1116(a) to the extent warranted by the infringement findings and the Court's authority.

C. An order prohibiting Defendants from transferring, encumbering, deleting, or otherwise frustrating the disposition of the Infringing Domains pending implementation of the Court's relief, except as expressly authorized by the Court.

D. An order requiring Defendants to remove the infringing designation from their websites, including www.orangeful.com/beanstalkx, and their promotional materials, social media accounts, application pages, and other commercial materials under their control.

E. An order requiring Defendants to deliver up for destruction or permanently delete, as appropriate, infringing advertising and promotional materials within the scope of 15 U.S.C. § 1118 and the Court's equitable authority, and to file a sworn report of compliance pursuant to 15 U.S.C. § 1116(a).

F. An accounting and award of Defendants' profits, Plaintiff's damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a) and applicable Florida law, with any increase in monetary relief supported by law and the evidence, and without duplicative recovery.

G. At Plaintiff's election, statutory damages of not less than $1,000 and not more than $100,000 per domain name under 15 U.S.C. § 1117(d), in lieu of actual damages and profits for the ACPA violations.

H. An award of reasonable attorneys' fees under 15 U.S.C. § 1117(a) upon a finding that this is an exceptional case, together with taxable costs.

I. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 6, 2026

Respectfully submitted,

PERETZ CHESAL & HERRMANN, P.L.

/s/Albert Alvarez
Albert Alvarez, Esq.
Florida Bar No. 106859
aalvarez@pch-iplaw.com
Steven I. Peretz, Esq.
Florida Bar No. 329037
speretz@pch-iplaw.com
Michael B. Chesal
Florida Bar No. 775398
mchesal@pch-iplaw.com
2 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 341-3000
Facsimile: (786) 746-6278

Attorneys for Plaintiff